## B. L. Roberts v. The State.

No. 6787.    Decided March 15, 1922.

Intoxicating Liquors—Possession—Indictment.

Where the indictment for- the possession of intoxicating liquor failed to charge that such possession was for the purpose of sale, the same was insufficient and the judgment must be reversed, and the cause dismissed.

Appeal from the District Court of Brazoria. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of the unlawful possession of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*A. E. Masterson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Brazoria County of the offense of possessing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The indictment herein contains three counts, one for manufacturing liquor, one for possessing equipment for such manufacture, and the other for the unlawful possession of such liquor. The verdict and judgment was for such unlawful possession. The law having been so amended at the Called Session in 1921 of the 37th Legislature as to make the possession of intoxicating liquor punishable only when had for purposes of sale, we have uniformly held that an indictment charging such possession for any other purpose, or which fails to charge that such possession was for purpose of sale, was insufficient in law. The indictment in the instant case failing to so charge, it becomes necessary for us to reverse this cause and direct a dismissal of the prosecution, and it is so ordered.

*Reversed & dismissed.*